[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
Defendants move to dismiss this personal injury action arising from a motor vehicle accident which took place on February 2, 1996, on the ground that this court is without jurisdiction because no proper service was made on defendants.
The writ, summons and complaint in this case dated January 28, 1998 was sent to the High Sheriff of Tolland County who forwarded it for service to Deputy Sheriff Michael Schor of Tolland County who received it on January 29, 1998.
The return of service by Sheriff Schor dated February 11, 1998 states that he made service on the Commissioner of Motor Vehicles as agent for service for each of the defendants Daniel K. Foley and Frederick J. Foley, Jr. He further states that CT Page 12165 thereafter be mailed true copies of the documents to each of the defendants at 176 Washington Street, Vernon, Connecticut, by certified mail and thereafter on February 13, 1998, he received each of these letters back unopened.
On February 27, 1998, an additional page added to the return of service, was filed in court, the additional page dated February 20, 1998, certifies that Sheriff Schor made service on the two defendants on February 11, 1998, within fifteen days of receiving the writ, summons and complaint dated January 29, 1998.
On March 13, defendant filed this motion to dismiss dated March 10, 1981, claiming lack of personal jurisdiction accompanied by a memorandum of law. On April 16, 1998, plaintiff filed a memorandum in opposition to the motion to dismiss.
 — I —
General Statutes § 52-54 reads in pertinent part as follows:
 The service of a writ of summons shall be made by the officer reading it and the complaint accompanying it in the hearing of the defendant or by leaving an attested copy thereof with him or at his usual place of abode . . .
General Statutes § 52-57 reads as follows:
 (a) Except as otherwise provided, process in any civil action shall be served by leaving a true and, attested copy of it, including the declaration of complaint, with the defendant, or at his usual place of abode, in this state.
At the court hearing held on September 11, 1998, the sole witness was Deputy Sheriff Schor who testified that after receiving the documents he attempted to make service at 176 Washington Street, Vernon, the address given to him by the attorney signing the summons. Convinced that the defendants no longer resided there, he "believes" he checked at the post office for a change of address but could not find any. He then called the Motor Vehicle Department to check on any current address filed by either defendant and was told that someone with the same name as one of the defendants was listed at an address in the CT Page 12166 "northwest part of the state." He called Attorney Klau who told him to make service through the Commissioner of Motor Vehicles. Thereafter, he made the further return of service dated February 20, 1998.
From this summary, it is clear that no sufficient service was made on defendants by personal or abode service under the provisions of § 52-54 or § 52-57.
 — II —
At the hearing, plaintiff introduced without objection a document dated March 27, 1998, purporting to be an additional amendment to the return of service, as follows:
 The undersigned Deputy Sheriff amends his return dated February 11, 1998, by adding the following first paragraph:
 Then and there, and by virtue hereof, and by direction of Plaintiff's attorney, I made a diligent search for the Defendants, Daniel K. Foley and Frederick J. Foley, Jr., at their last address with the Department of Motor Vehicles, 176 Washington Street, Vernon, Connecticut, and found that neither party resided at that address, and I could not determine any other address within my precincts where they did reside. Therefore, made service upon the Commissioner of Motor Vehicles as follows:
General Statutes § 52-63 provides for service upon a motor vehicle operator or owner not found at his recorded address.
Subparagraph (b) provides:
 (b) Service of civil process may be made on a motor vehicle operator licensed under the provisions of chapter 246 by leaving a true and attested copy of the writ, summons and complaint at the office of the Commissioner of Motor Vehicles at least twelve days before the return day and by sending such a true and attested copy at least twelve days before the return day, by CT Page 12167 registered or certified mail, postage prepaid and return receipt requested, to the defendant at his last address on file in the Department of Motor Vehicles if (1) it is impossible to make service t of process at the operator's last address on file in the Department of Motor Vehicles, and (2) the operator has caused injury to the person or property of another.
Subsection (c) provides that service on the owner of a motor vehicle may be made in similar fashion: "if (1) it is impossible to make service of process at the owner's last address on file in the Department of Motor Vehicles . . ."
Subsection (d) provides:
 (d) If service of process is made at the office of the Commissioner of Motor Vehicles pursuant to subsection (b) or subsection (c) of this section, the officer making such service shall certify on the process that he has made a diligent effort to obtain service at the address of the owner or operator on file in the Department of Motor Vehicles and has been unable to make such service.
At the hearing, in answer to questions, Sheriff Schor testified that he does not recall checking at the Department of Motor Vehicles as to whether the defendants in fact were listed as residents of 176 Washington Street, Vernon, either in February 1998, or any other time, but relied on attorney Klau for this information. He made no attempt to ascertain whether the person listed by the Motor Vehicle Department at an address "in northwest Connecticut" was the same person as either defendant.
This evidence does not support the claim that the Sheriff found it "impossible to make service of process at the [operator's or owner's] last address on file in the Department of Motor Vehicles." The Sheriff's March 27, 1998 second amendment to his return of service does not amount to a showing of impossibility; nor does it contain in clear language the required certification that he made a "diligent effort" under General Statutes § 52-63 (d).
Although it might be inferred from defendant's filed CT Page 12168 appearance and subsequent claims that he had actual notice of the initiation of this action, this is not sufficient to give this court personal jurisdiction. Since there was clearly a failure of service as provided by the relevant statutes defendants' motion to dismiss is granted.
JERRY WAGNER, JUDGE TRIAL REFEREE